# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| EDUARD MEDVEDEV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:25-cv-00642 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| EPHEMERA GLOBAL, INC., ET AL., | ) | MAGISTRATE JUDGE |
| | ) | FRENSLEY |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss. (Doc. No. 19). Plaintiff filed a response in opposition (Doc. No. 20), and Defendants filed a reply (Doc. No. 23). For the reasons set forth below, the motion will be **DENIED**.

## I. BACKGROUND

Plaintiff worked as Ephemera Global, Inc.'s ("Ephemera") Chief Technology Officer from February 2024 to May 2024. (Doc. No. 1 ¶ 9). While there, Plaintiff and Defendant Shane McSimov ("McSimov") discussed Plaintiff becoming CEO of a yet-to-be-formed spin-off entity within the Ephemera corporate structure. (Doc. No. 1 ¶¶ 11-13). Plaintiff developed alternative plans for someone else within Ephemera to take the role or hire an external candidate, which McSimov was aware of. (*Id.* ¶¶ 12-13). Plaintiff alleges that he left Ephemera and began working at another company and that within 6 months before the Complaint was filed, McSimov told Plaintiff's new employer that Plaintiff "secretly schemed, designed, and intended to execute an alleged 'secret take over' of Ephemera by installing himself as the CEO of a then-forthcoming spin-off entity that would be formed from the execution of the Plan…the same Plan that McSimov directed Plaintiff to develop and of which McSimov was fully aware" (the "Statement"). (Doc No. 1 ¶ 14). Plaintiff alleges that McSimov knew the Statement was false, knew that Plaintiff worked

for the new employer, and intended to interfere with Plaintiff's new employment relationship and for Plaintiff's new employer to take adverse employment action against Plaintiff once it learned of the statement. Plaintiff's new employer subsequently terminated Plaintiff's employment. (*Id.* ¶¶ 16-18).

Plaintiff brings claims against Defendants for intentional interference with business relationships and slander. Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) Plaintiff failed to plausibly allege slander because the Statement is not capable of defamatory meaning, is a statement of opinion, and Plaintiff fails to allege the time and place of the Statement; and (2) Plaintiff has not plausibly alleged intentional interference because Plaintiff failed to plausibly allege improper means or improper motive.

## II.       STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

2

## III.    ANALYSIS

The Court has reviewed the pleadings and in construing the allegations in the Complaint as true, as it must at this stage, finds that Plaintiff has pled facts sufficient to state a claim upon which relief may be granted for intentional interference with business relationships and slander. Accordingly, Defendant's motion (Doc. No. 19) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE